BERKSHIRE LIFE INSURANCE COMPANY OF PITTSFIELD, MASS., Respondent, *v.* JOHN VAN VOORHIS, Appellant, Impleaded with LINDA L. VAN VOORHIS and Others, Defendants.

Fourth Department, November 7, 1935.

*John Van Voorhis' Sons* [*John Van Voorhis* of counsel], for the appellant.

*Mann, Strang, Bodine & Wright* [*William F. Strang* of counsel], for the respondent.

LEWIS, J. This appeal in a foreclosure action requires us to review the method by which the fair and reasonable market value of certain mortgaged premises was determined upon a motion by the mortgagee for a deficiency judgment under section 1083-a of the Civil Practice Act.

The property involved is located in the downtown commercial district of Rochester, N. Y., and was purchased by the defendant, appellant, in 1929 for approximately $133,000. Upon a sale of the premises in October, 1934, under the judgment of foreclosure and sale in this action, the plaintiff-mortgagee purchased the property for $10,000. As the claim of the plaintiff, including certain prior liens, aggregated $57,666.16, a motion was made to enter a deficiency judgment under section 1083-a of the Civil Practice Act which provides: " Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action including the referee's fee and disbursements, less the market value as determined by the court or the sale price of the property whichever shall be the higher."

In the determination of the motion the court took oral proof, as permitted by the statute, to ascertain " the fair and reasonable market value of the mortgaged premises." No separate decision embodying findings of fact and conclusions of law was made but instead the court inserted in the order from which this appeal is taken the following provision:

" IT IS FOUND AS FACTS

" That at the time of the foreclosure sale on October 19, 1934, the mortgaged premises had no market value; that the nearest earlier date prior to the foreclosure sale at which the mortgaged premises had any market value was the latter part of the year 1929; that at the nearest earlier date prior to the foreclosure sale at which

the mortgaged premises had any market value, the market value of said premises was in excess of $100,000; that at the nearest earlier date prior to the foreclosure sale at which the mortgaged premises had any market value, the fair and reasonable market value of said premises was $50,000."

Considering first the method by which the court reached its determination, the record shows that each of the witnesses called by both parties upon the question of valuation was asked to fix the fair and reasonable market value of the mortgaged premises in 1929; each gave a valuation in excess of $100,000, and we find no evidence to the contrary. In fact it appears that on the date of the foreclosure sale in 1934, the plaintiff-mortgagee carried the mortgaged premises upon its books at a value of $105,737, and in its annual report to the Superintendent of Insurance of the State of New York the same valuation was given. We gather from the opinion, which accompanied the order directing a deficiency judgment, that the court accepted these undisputed valuations as establishing the " market value " of the mortgaged premises in 1929 but disregarded that evidence as proving the " fair and reasonable market value " on that date.

By doing so we believe the court erroneously differentiated between the meaning of the phrases " market value " and " fair and reasonable market value " as used in the statute. Instead of basing its determination upon its own finding that the market value of the mortgaged premises in 1929 was in excess of $100,000, the court rested its conclusion upon the assessed valuation of the property in 1934. It assumed as a " well known fact " that " the assessments in Rochester are fixed at eighty per cent (80%) of what the assessors determine to be the reasonable value of the property." Applying that ratio to the 1934 assessment of $39,750, gave the resulting figure of $49,685, or, as the opinion states, " in round numbers $50,000."

We find no legal basis for such reasoning. There is no record proof from which the conclusion could properly be drawn that real estate in Rochester is assessed at eighty per cent of its value; and there is to be found in the Tax Law sufficient reason why the court could not take judicial notice of such a fact: "All real property subject to taxation shall be assessed at the full value thereof." (Tax Law, § 8.)

Passing to a consideration of the construction of section 1083-a of the Civil Practice Act which has been adopted and applied in this case, we believe that, by reducing the valuation from $100,000 — which was found to be the market value of the mortgaged premises in 1929 — to $50,000, the court has determined what it believed

to be the fair and reasonable value of the mortgaged premises at that date, thereby eliminating from its consideration the word " market " which the Legislature, it must be assumed, inserted for a purpose. (*Palmer* v. *Van Santvoord,* 153 N. Y. 612, 616.)

It has been said that " value is a word of many meanings." (*State of Missouri ex rel. Southwestern Tel. Co.* v. *Public Service Comm.,* 262 U. S. 276, 310.) The word as used in a particular statute may well be construed by reference to the purpose of the valuation as shown by the context. In construing section 1083-a of the Civil Practice Act we believe the Legislature intended to make the phrases " market value " and " fair and reasonable market value " synonymous. This is strongly suggested by an examination of the context. The statute first directs the court to ascertain the " fair and reasonable market value " of the mortgaged premises by aid of affidavits or oral evidence. Upon such proof the court is required thereafter to determine the amount of the deficiency judgment, if any, which the statute declares shall be in " an amount equal to the sum of the amount owing by the party liable  *  *  *  less the *market value* as *determined by the court* or the sale price of the property whichever shall be the higher." Clearly the " market value " to be subtracted is the " fair and reasonable market value " of the mortgaged premises which the statute had previously required to be determined from affidavits or oral proof as a basis for computing the deficiency judgment.

The phrase " fair and reasonable market value " imports a valuation determined after giving fair and reasonable consideration to market conditions which affect the particular property involved. It should not reflect the offer of a bidder forced to bid nor of an owner forced to sell, but is determined by those market conditions prevailing where willing buyers meet willing sellers and deal on that basis. (*People ex rel. Brown* v. *Purdy,* 186 App. Div. 54, 57; *People ex rel. Sebring* v. *Dowd,* 206 id. 727; 2 Lewis Eminent Domain [3d ed.], p. 1227, § 706.) " The formula, which has the sanctity both of great age and of constant repetition, is that value means *market* value." (Columbia Law Review, Dec. 1934, vol. XXXIV, No. 8, p. 1403; cf. vol. XXVII, No. 5, May, 1927, p. 506.)

We, therefore, conclude that a proper construction and application of section 1083-a of the Civil Practice Act requires that full meaning be given to the word " *market* " when determining the " fair and reasonable market value of the mortgaged premises; " it was inserted in the phrase by the Legislature for the definite purpose of giving to the valuation which the statute seeks the added element which that particular word contributes. " Words

are not to be rejected as superfluous when it is practicable to give to each a distinct and consistent meaning." (*Palmer* v. *Van Santvoord, supra,* 616; *Allen* v. *Stevens,* 161 N. Y. 122, 145.)

The judgment of foreclosure and sale, in so far as appealed from, should be affirmed, without costs, and the order awarding a deficiency judgment against this appellant, in so far as appealed from, should be reversed on the law and the facts, with ten dollars costs and disbursements, and the application by the plaintiff-mortgagee for a deficiency judgment denied, with ten dollars costs. Certain findings of fact will be modified.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment of foreclosure and sale in so far as appealed from affirmed, without costs, and order awarding deficiency judgment against this appellant so far as appealed from reversed on the law and facts, with ten dollars costs and disbursements, and application for deficiency judgment denied, with ten dollars costs. The findings of fact contained in the order are modified on the law and facts by inserting the words "fair and reasonable" before the words "market value" where the words "market value" are followed by the words "of said premises was in excess of $100,000" and by striking out the balance of the findings following the figures "$100,000."